UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY KENNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-CV-0194-CVE-PJC |
| | ) |
| LABOR FINDERS INC | ) |
| & Manger Ryan McDaniel, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court are plaintiff Anthony Kenney's pro se complaint (Dkt. # 1) and Motion for Leave to Proceed in Forma Pauperis (Dkt. # 2).

A.   Motion to Proceed in Forma Pauperis

In reliance upon the representations and information set forth in Kenney's motion to proceed in forma pauperis and supporting affidavit (Dkt. # 2), the Court finds that the motion should be granted. Kenney is entitled to file and maintain this action to conclusion without prepayment of fees and costs.

B.   Complaint

A district court may dismiss an action filed in forma pauperis if, at any time, the court determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A pro se litigant's pleadings are to be construed liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, pro se plaintiffs must "follow the same rules of procedure that govern other litigants." Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007).

A complaint is subject to dismissal if it provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. For purposes of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 555-56; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall, 935 F.2d at 1109-10.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "'A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement requirement.'" Gometz v. U.S., No. 08-1470, 2009 WL 1705608, at *2 (10th Cir. June 18, 2009) (quoting Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993), reh'g denied, (Dec. 7, 1993), cert. denied, 511 U.S. 1034 (1994)). A court may also strike the complaint with leave to amend. See

Fed. R. Civ. P. 15; see also Salahuddin v. Cuomo, 861 F.2d 40, 42 (2nd Cir. 1988) (upholding the district court's dismissal of complaint with leave to amend).

Kenney's complaint[1] is incomprehensible. Much of it appears to be a list of laws. The portion that could be construed as allegations of what happened to Kenney is: "coercing same retaliations labor ready ,[sic] labor finders,and [sic] stand by personnel same from every temp sevices [sic] in Tulsa and U.S. libelous and unilateral forgery to plaintiff files used for to disemploy contract of labor . . . ." Dkt. # 1, at 1. Construed liberally, these allegations are so vague that the Court cannot determine whether Kenney may be able to state a claim for relief.

Further, Kenny attempts to bring a class action.[2] A pro se litigant may not maintain a class action. Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000).

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **stricken with leave to amend**. Plaintiff may file an amended complaint no later than **April 12, 2010**. Any such amended complaint shall contain a short and plain statement of the claim(s) showing that plaintiff is entitled to relief, and shall contain individual claim(s) only.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed in Forma Pauperis (Dkt. # 2) is **granted**.

**DATED** this 1st day of April, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1]  The pleading is titled "Draft Complaint." Dkt. # 1, at 1.

[2]  The words "class action" appear twice in the complaint. Dkt. # 1, at 1.

3